1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GS HOLISTIC, LLC, | CASE NO. C23-0375JLR |
| Plaintiff, | ORDER |
| v. | |
| THE CITY SMOKE CORPORATION, et al., | |
| Defendants. | |

Before the court is Plaintiff GS Holistic, LLC's ("GS Holistic") second motion for an extension of time to perfect service on Defendant Yasir Shammar. (Mot. (Dkt. # 9); *see* 6/13/23 Order (Dkt. # 7) (finding that GS Holistic had not demonstrated good cause for its failure to serve Mr. Shammar and Defendant The City Smoke Corporation before the 90-day deadline set forth in Federal Rule of Civil Procedure 4(m) but nevertheless granting a 60-day extension of the service deadline).) The court GRANTS GS Holistic's motion.

ORDER - 1

Federal Rule of Civil Procedure 4 requires a plaintiff to serve the defendant with a summons and a copy of the complaint and sets forth the specific requirements for doing so. *See* Fed. R. Civ. P. 4. Rule 4(m), which provides the timeframe in which service must be effectuated, states in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.*

GS Holistic filed this action on March 14, 2023. (Compl. (Dkt. # 1).) As a result, Rule 4(m)'s 90-day deadline for effectuating service of process expired on June 12, 2023. Fed. R. Civ. P. 4(m). On June 13, 2023, the court granted GS Holistic's first motion for a 60-day extension of the deadline to serve Defendants, despite finding that GS Holistic had not demonstrated good cause for its failure to effectuate service before the Rule 4(m) deadline. (6/13/23 Order at 2-3.) The court ordered GS Holistic to file proof of service on Defendants by no later than August 11, 2023, and warned GS Holistic that (1) failure to do so could result in dismissal without prejudice of its claims against Defendants and (2) further extensions of the deadline to serve Defendants would not be granted absent exceptional circumstances. (*Id.* at 2-3.)

GS Holistic served The City Smoke Corporation on June 23, 2023 (Aff. (Dkt. # 8)), but has not yet served Mr. Shammar (*see* Mot.). GS Holistic represents that it attempted to serve Mr. Shammar "multiple times" but was unsuccessful. (Mot. ¶ 3.) It states that its process server "received information from an employee that they did not

know when Mr. Shammar would be in the store" and was unsuccessful in getting Mr. Shammar's telephone number from the employee. (*Id.* ¶ 4.) GS Holistic does not, however, provide a declaration of nonservice that sets forth when its process server attempted service. (*See id.*) GS Holistic further represents that on August 4, 2023—one week before the extended deadline to perfect service—it requested priority service and "nonstop attempts" from its process server. (*Id.* ¶¶ 5-6; *see id.*, Ex. A (email thread between a legal administrator at The Ticktin Law Group in Deerfield Beach, Florida, and Burke Process Service).) Nevertheless, GS Holistic has not yet effected service on Mr. Shammar. (*See id.*, Ex. A.) GS Holistic now asks the court to extend the Rule 4(m) deadline by an additional 30 days to allow it to perfect service on Mr. Shammar "either personally or by publication." (*Id.* ¶ 7.)

The court has reviewed the materials that GS Holistic filed in support of its second motion for an extension of time to perfect service and concludes that GS Holistic has not established exceptional circumstances, let alone good cause, that would justify a further extension of time. (*See* 6/13/23 Order); Fed. R. Civ. P. 4(m). In particular, the court notes that GS Holistic does not appear to have made any effort to identify addresses for Mr. Shammar other than his business address. (*See generally* Mot.) Nevertheless, the court will GRANT GS Holistic's motion (Dkt. # 9) and extend the deadline for GS Holistic to perfect service on Mr. Shammar for an additional **30** days. GS Holistic shall file proof of service on Mr. Shammar by no later than **September 11, 2023**. This order does not grant GS Holistic leave to serve Mr. Shammar by publication or by any other means. Failure to timely file proof of service will result in the dismissal without

prejudice of GS Holistic's claims against Mr. Shammar. No further extensions of the deadline to serve Mr. Shammar will be granted.

Dated this 16th day of August, 2023.

*[signature]*

JAMES L. ROBART
United States District Judge